J-S10011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                     :            PENNSYLVANIA
                     :
         v.            :
                     :
                     :
RICHARD A. MCANULTY         :
                     :
        Appellant     :   No. 866 WDA 2023

Appeal from the PCRA Order Entered June 27, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003108-2010

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:          **FILED: APRIL 15, 2024**

Appellant, Richard A. McAnulty, appeals *pro se* from the June 27, 2023 order dismissing, as untimely, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546.  We affirm.

On July 18, 2011, Appellant was found guilty of first-degree murder, burglary, and three counts of violating the Uniform Firearms Act.  On August 9, 2011, Appellant was sentenced to life imprisonment without the possibility of parole with a consecutive term of five to 10 years' incarceration.  This Court affirmed Appellant's judgment of sentence on May 23, 2013. ***Commonwealth v. McAnulty***, 81 A.3d 1004 (Pa. Super. 2013) (Table).  Our Supreme Court denied Appellant's petition for allowance of appeal on December 19, 2013.  ***Commonwealth v. McAnulty***, 83 A.3d 168 (Pa. 2013).

Thereafter,

[o]n March 21, 2014, [] Appellant filed a *pro se* PCRA petition and counsel was appointed. On February 25, 2015, [counsel filed an amended PCRA petition on Appellant's behalf].

\*\*\*

On November 28, 2017, the [PCRA c]ourt filed an order denying PCRA relief.

An appeal to th[is Court] from the denial of the PCRA petition was filed on December 20, 2017[.] … The denial of [] Appellant's PCRA [p]etition was affirmed by order dated July 7, 2018. [**See Commonwealth v. McAnulty**, 2018 WL 3598952 \*1 (Pa. Super. 2018)].

\*\*\*

On July 10, 2019, [] Appellant filed a petition for writ of *habeas corpus* [relief] in the United States District Court for the Western District of Pennsylvania[.] On September 26, 2022, the District Court denied federal *habeas corpus* relief.

On October 24, 2022, [] Appellant filed an appeal to the Third Circuit Court of Appeals from the denial of his *habeas* petition[.] Appellant's request for a certificate of appealability in that case was denied on May 31, 2023, with the Court finding that Appellant's claims lacked merit or were procedurally defaulted with no grounds to excuse the default.

On March 6, 2023, [] Appellant filed the PCRA petition which is subject to this appeal, raising the following issues: (1) ineffective assistance of trial counsel in failing to conduct an investigation into [] Appellant's post-traumatic stress disorder ("PTSD"), depression, anxiety, stress and pain to support a defense of diminished capacity; (2) ineffective assistance of trial counsel in failing to secure an expert to testify about [] Appellant's PTSD, depression, anxiety, stress and pain to support a defense of diminished capacity; (3) ineffective assistance of trial counsel in failing to conduct an investigation into the effects of withdrawal from medication for diabetes, depression, anxiety, and pain to support a defense of diminished capacity; (4) ineffective assistance of trial counsel in failing to present evidence of [] Appellant's service in the United States Navy; and (5) ineffective assistance of trial counsel in failing to present evidence of [] Appellant's mental and physical disabilities.

On May 17, 2023, th[e PCRA c]ourt filed an opinion, order and notice of intention to dismiss [] Appellant's PCRA petition [pursuant to Pa.R.Crim.P. 907].

On June 26, 2023, [] Appellant filed a rule to show cause and a motion to compel justice to be served. [The PCRA c]ourt construed these filings as [] Appellant's response to the [court's 907 notice].

On June 27, 2023, [the PCRA c]ourt issued an order dismissing [] Appellant's PCRA petition[. On July 5, 2023, Appellant filed an amended PCRA petition. That same day, the trial court entered an order dismissing Appellant's amended PCRA petition as moot in light of its June 27, 2023 order].

PCRA Court Opinion, 9/18/23, at *2-*4 (unpaginated) (unnecessary capitalization and footnote omitted) (emphasis added). This timely appeal followed.[1]

_____

[1] On August 1, 2023, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 20 days. On August 17, 2023, Appellant filed another amended PCRA petition, which the PCRA court apparently construed as a Rule 1925(b) statement. *See* PCRA Court Opinion, 9/18/23, at *4 (noting that Appellant filed a 1925(b) statement on August 17, 2023). Appellant's August 17, 2023 filing, however, does not comport with the requirements set forth in Pa.R.A.P. 1925(b)(4) (explaining that a concise statement must, *inter alia*, "set forth only those errors that the appellant intends to assert" and "concisely identify each error that the appellant intends to assert" on appeal). In general, the failure to file a proper Rule 1925(b) statement would result in the waiver of an appellant's issues on appeal. ***See Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224-225 (Pa. Super. 2014) (*en banc*) (citation omitted); ***see also Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (explaining that an untimely concise statement waives all claims on appeal); ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward . . . [a]ppellants must comply whenever the trial court orders them to file a [s]tatement of [errors] [c]omplained of on [a]ppeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."). In this instance, however, and as will be discussed *infra*, this Court does not have jurisdiction over Appellant's appeal. As such, we decline to dispose of Appellant's appeal on this basis.

Appellant raises the following issue on appeal:

1. [Whether the PCRA court erred in dismissing Appellant's petition?]

***See generally*** Appellant's Brief.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723 (Pa. 2003). The issue of timeliness is dispositive in this appeal. "The timeliness requirement for PCRA petitions 'is mandatory and jurisdictional in nature.'" ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (citation omitted). "The question of whether a petition is timely raises a question of law, and where a petition[] raises questions of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Pew***, 189 A.3d 486, 488 (Pa. Super. 2018) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on March 19, 2014, 90 days after the Pennsylvania Supreme Court denied *allocatur* and the time to file a petition for *writ of certiorari* in the

United States Supreme Court elapsed. *See* U.S.Sup.Ct. Rule 13. As such, Appellant had until February 19, 2015, or one-year after his judgment of sentence became final, to file a timely PCRA petition. Appellant, however, did not file the current PCRA petition until March 6, 2023, almost 10 years after his judgment of sentence became final. Accordingly, Appellant's PCRA petition is patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Herein, Appellant makes no attempt to invoke, much less plead and prove, one of the enumerated exceptions to the PCRA's time-bar. To the contrary, Appellant raises claims of ineffective assistance of trial counsel. Because Appellant's petition was untimely and because he failed to properly

invoke an exception to the PCRA's timeliness requirements, neither the trial court nor this Court has jurisdiction over the instant claims for collateral relief. Accordingly, we affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/15/2024